William J. Kirk, Esq. Town Attorney, Waterloo
You have asked whether a town justice may also serve as a building code enforcement officer for the county in which the town is situate.
In the absence of a constitutional or statutory prohibition against dual-officeholding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of office isPeople ex rel. Ryan v Green, 58 N.Y. 295 (1874). In that case the Court held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status normally easy to see. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
There are two subsidiary aspects of compatibility. One is that, although the common law rule of the Ryan case is limited to public offices, the principle equally covers an office and a position of employment or two positions of employment. The other is that, although the positions are compatible, a situation may arise where one has a conflict of interest created by the simultaneous holding of the two positions. In such a situation the conflict is avoided by declining to participate in the disposition of the matter. If such situations are inevitable as opposed to being possibilities, there is an inherent inconsistency in the positions.
The position of county building inspector was created by Seneca County's Local Law No. 1 of 1984, entitled "Enforcement and Administration of State of New York Uniform Fire Prevention and Building Code". The building inspector(s) work under the supervision of the building code enforcement official, and are generally responsible for inspecting structures to ensure compliance with the code. Under the building code act (Executive Law, §§ 370, et seq.), employees of a local government who are charged with enforcing the code are authorized to issue appearance tickets for violations of the code (Executive Law, § 382
[1]). Under the Criminal Procedure Law, these appearance tickets are returnable in local criminal court (Criminal Procedure Law, § 1.20
[26]; see id., § 150.40). Appearance tickets issued for violations of the code in the Town of Waterloo, therefore, are returnable in the Town of Waterloo Justice Court (id., §§ 100.55, 150.40).
Under the Code of Judicial Conduct and the Rules of the Chief Administrator of Courts, the justice's personal involvement in the code enforcement action would prevent him from hearing the case himself (Code of Judicial Conduct, Canon 3 [C]; 22 NYCRR § 100.5). Furthermore, we believe an appearance of impropriety exists if the town justice, in his capacity as building inspector, is required to appear as a complainant before his fellow justice. The potential for favoritism towards a fellow justice whose non-judicial duties include appearance before the justice court creates an appearance of impropriety. In past opinions we have emphasized that public officials should avoid circumstances which compromise their ability to make impartial judgments solely in the public interest (Op Atty Gen No. 87-67; 1984 Op Atty Gen [Inf] 88, 160). Even the appearance of impropriety should be avoided in order to maintain public confidence in government (ibid.).
We conclude that a county building inspector may not also serve as a town justice for a town within the county.